Cameron, J.
delivered the opinion of the Court.
The objection taken to the authority of the Court to award judgment fixed by Statute, on the conviction of the defendant, is founded on the circumstance, that it is not stated in the indictment that the Hon. Leonard Henderson, before whom the oath constituting the perjury, was taken, is a Judge of the Superior Courts of Law of this State.
Whatever weight this objection might be entitled to, had the indictment concluded at Common Law, it is unnecessary to consider or decide. The indictment states, that the false oath was taken in the Superior Court of Law, held for the County of Mecklenburg, before the Hon. Leonard Henderson, and avers that the said Leonard Henderson had compepetent power and authority to administer an oath to the defendant, and concludes against the Statute. The act of 1791, C. 7, § 3, declares, “ that in every presentment or indictment, to be prosecuted against any person, for wilful and corrupt perjury, it shall be sufficient to set forth the substance of the offence, charged upon the defendant, and by what Court, or before whom the oath or affirmation was taken, (averring such Court, or person or persons, to have a competent authority to administer the same) together with *504 the proper averment, or averments, to falsify the matter or matters, wherein the perjury or perjuries is orare assigned, without setting forth the bill, answer, information, indictment, declaration, or any part of any record or proceedings, either in law or equity, other than aforesaid; and without setting forth the commission or authority of the Court, or person or persons before whom the perjury was committed.
The objection relied on, is, in the opinion of the Court, completely obviated by the force and effect of the latter member of the said recited section.
Motion in arrest of judgment overruled....Judgment for the State.